UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br>Antonio Correia,<br>Debtor | Chapter 13<br>Case No. 18-13353-FJB |
| Nathaniel Vasallo,<br>Plaintiff<br>v.<br>Antonio Correia, Dora Aja, Greenville Realty, LLC, and Carolyn Bankowski, Chapter 13 Trustee,<br>Defendants | Adversary Proceeding No. |

**NATHANIEL VASALLO'S COMPLAINT TO ESTABLISH THAT ANTONIO CORREIA'S BANKRUPTCY CASES DO NOT AFFECT THE VALIDITY OF NATHANIEL VASALLO'S TITLE TO 30 AND 40 GREENVILLE STREET**

This Complaint seeks a determination that Antonio Correia's bankruptcy cases do not affect the validity of Nathaniel Vasallo's title to property known as 30 and 40 Greenville Street, Roxbury, Massachusetts (the "Property").

**<u>Parties and Jurisdiction</u>**

1. Plaintiff Nathaniel Vasallo is an individual with a residential address in Hyde Park, MA 02136.

2. Debtor Antonio Correia is an individual with an address of 30 West Cottage Street #1, Boston, MA 02125.

3. Defendant Dora Aja is an individual with a residential address of 22 ½ Sigourney Street, Jamaica Plain, MA 02130.

4. Defendant Greenville Realty, LLC is a dissolved Massachusetts limited liability company with an address of 44 Highland Street Boston, MA 02119. It was dissolved on June 30, 2017. Its resident agent is Christian Pam, 15420 Norwalk Court, Bowie, MD 20716.

5. The Chapter 13 Trustee, Carolyn Bankowski, has an office at 98 North Washington Street, Boston, MA 02114.

6. As a court of equity, this court has the power to remove clouds on title *See Perrino v. BAC Home Loans Servicing, LP (In re Trask)*, 462 B.R. 268, 273 (1st Cir. BAP 2011) ("Bankruptcy courts are courts of equity…."); *McArthur v. Hood Rubber Co.*, 221 Mass. 372, 376 (1915) ("The principle on which jurisdiction is founded to remove a cloud upon a title is … that whenever a deed or other instrument exists which … may cast a suspicion upon his title or interest …, then a court of equity will afford relief …").

7. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G), (N), dealing with "(G) motions to terminate, annul, or modify the automatic stay; … and/or (N) orders approving the sale of property …"

8. This Court has jurisdiction over this adversary complaint pursuant to 28 U.S.C. §1334(b), as a matter related to a case under Title 11. *See In re Gold,* 247 B.R. 574, 577-79 (Bankr. D. Mass. 2000).

9. This Court is an appropriate venue pursuant to 28 U.S.C. §1409(a) because this complaint relates to a case pending under Title 11 in the District of Massachusetts.

10. This Court has jurisdiction to enter final orders and rulings in this matter.

11. Nathaniel Vasallo consents to the issuance of final orders and judgments by this Court.

**General Allegations**

12. On October 31, 2011, the Debtor filed his bankruptcy petition in a prior Chapter 13 case, *In re Antonio Correia,* Case No. 11-20343-FJB (the "2011 Case").

13. On June 27, 2014, while the 2011 Case was pending, and without permission from this Court, the Debtor conveyed his one-half interest in 30 and 40 Greenville Street, Roxbury,

MA (the "Property") to Greenville Realty, LLC, by deed recorded with the Suffolk County Registry of Deeds in Book 53158, Page 105 (the "First Deed") (attached hereto at pages 9-11 as Exhibit "A").

14. On August 13, 2014, Carolyn A. Bankowski, the Chapter 13 Trustee in the 2011 Case and in this case (the "Trustee"), wrote in an email to the Debtor's counsel that "[w]e have received information that Antonio Correia sold his interest in real estate located at 30-40 Greenville Street, Roxbury, MA without court approval in June 2014. Please advise if this information is accurate." That email forwarded another email sent that day to the Trustee, which states "this is the Fax we received with the copies of the deeds from the sale of the Greenville Street properties in the Correia case." (attached hereto at page 13 as Exhibit "B").

15. On August 25, 2014, Greenville Realty, LLC conveyed the Property to Vasallo by deed recorded with the Suffolk County Registry of Deeds in Book 53417, Page 190 (the "Second Deed") (attached hereto at pages 15-16 as Exhibit "C").

16. On June 19, 2015, this Court issued an Order in the 2011 Case denying Vasallo's motion to approve the sale of the Property without prejudice, and stating that (1) "[t]he validity of the transactions … are matters for the state court to address" and (2) after the state law issues are resolved "this court will consider approval of the sale nunc pro tunc" (attached hereto at page 18 as Exhibit "D").

17. The June 19, 2015 Order further states:

> [T]here is no question that the transfer of property out of the bankruptcy estate was done without Court authority, that such action was contrary to the dictates of the Bankruptcy Code and that, even taking all of the Debtor's representations as true, the Debtor's delay in alerting the Court was unacceptably long. In fact, amidst all of the various allegations, and more than one year after the transfer, no party has taken any action to avoid the transfer.

18. On August 31, 2015, this Court granted Vasallo relief from stay to litigate state law issues regarding the Property, but not bankruptcy issues (attached hereto at page 20 as Exhibit "E").

19. On June 7, 2017, this Court issued an Order that the 2011 Case be closed (attached hereto at page 22 as Exhibit "F").

20. On July 18, 2017, the Debtor filed his bankruptcy petition in another Chapter 13 case (the "2017 Case").

21. On May 1, 2018, this Court dismissed the 2017 Case (attached hereto at page 24 as Exhibit "G").

22. On August 30, 2018, Suffolk Superior Court Judge Wilson granted Vasallo's motion for summary judgment (attached hereto at page 26 as Exhibit "H").

23. On August 31, 2018, the Debtor filed his bankruptcy petition in this Chapter 13 case (the "2018 Case").

24. On November 28, 2018, the Debtor filed an amended Schedule C valuing his claim to the Property as worth $100 (attached hereto at pages 28-29 as Exhibit "I").

25. On November 9, 2018, Judge Wilson signed a Final and Separate Judgment stating that Vasallo "holds title to the Property as a bona fide purchaser without actual or constructive notice that the Correias would challenge his title" and that "this Judgment resolves all claims in this litigation between ... Vasallo and the Correias under Massachusetts law, but is not a determination of any bankruptcy law." (attached hereto at pages 31-32 as Exhibit "J").

**Count I**
**There is No Automatic Stay as to the Deeds Pursuant to 11 U.S.C. § 362(b)(24)**

26. Each of the foregoing allegations are hereby realleged and incorporated.

27. There is no automatic stay "of any transfer that is not avoidable under section 544 and that is not avoidable under section 549." 11 U.S.C. § 362(b)(24).

28. “If there is no stay by virtue of § 362(b)(24), an act cannot be void.” *Litton Loan Servicing, L.P. v. Rockdale County. (In re Howard),* 391 B.R. 511, 517 n.8 (Bankr. N.D. Ga. 2008).

29. Pursuant to Section 362(b)(24) there is no automatic stay as to the First Deed and the Second Deed (collectively the “Deeds”), and the Deeds are not void, because the Deeds are not avoidable under section 544 or section 549.

30. “Section 544 deals with a trustee's rights at the time of commencement of the bankruptcy case and has no relevance” to sales that occurred after the case commenced. *Litton Loan Servicing,* 391 B.R. at 515.

31. The Deeds were signed and recorded in 2014, which is after the 2011 Case was commenced in 2011, so there is no cause of action to avoid the First Deed or the Second Deed pursuant to section 544.

32. Any challenge to the Deeds has been barred since 2016 by the two-year statute of limitations in section 549(d)(1), which provides in relevant part that “an action or proceeding under this section may not be commenced after … two years after the date of the transfer sought to be avoided.” 11 U.S.C. § 549(d)(1).

33. Equitable tolling cannot overcome the statute of limitations, because even if equitable tolling applied, it would end when “the Trustee gains actual knowledge of the transfer.” *Slone v. Anderson (In re Anderson),* 511 B.R. 481, 502 (Bankr.S.D.Ohio 2013), *aff'd,* 510 B.R. 113 (6th Cir. BAP 2014). Here, the Trustee has known about the First Deed since August 13, 2014, so equitable tolling does not prevent the statute of limitations from having run in 2016.

34. The Debtor does not have standing to avoid the Deeds pursuant to 11 U.S.C. § 549(a).

35. Moreover, the Second Deed cannot be avoided because Vasallo is a good faith purchaser pursuant to section 549(c).

**Count II**
**Retroactive Lifting of the Automatic Stay as to the Deeds Pursuant to 11 U.S.C. § 362(d)**

36. Each of the foregoing allegations are hereby realleged and incorporated.

37. Alternatively, if the relief sought in Count I is not granted, this Court should lift the automatic stay retroactively. *See Soares v. Brockton Credit Union (In re Soares),* 107 F.3d 969, 976 (1st Cir.1997) ("11 U.S.C. § 362(d) permits bankruptcy courts to lift the automatic stay retroactively and thereby validate actions which otherwise would be void.").

38. "[R]etroactive relief from the automatic stay must rest on a set of facts that is both unusual and unusually compelling." *Soares v. Brockton Credit Union (In re Soares),* 107 F.3d 969, 977 (1st Cir.1997).

39. The facts in this case are unusual and unusually compelling, so relief from the stay should be lifted retroactively.

**Count III**
**Declaratory Judgment**

40. Each of the foregoing allegations are hereby realleged and incorporated.

41. On November 28, 2018, the Debtor filed an amended Schedule C valuing his claim to the Property as worth $100.

42. There is an actual dispute between Nathaniel Vasallo and the Debtor that affects Title to the Property.

43. This Court should grant declaratory judgment stating that the Debtor's bankruptcy cases do not affect Nathaniel Vasallo's title to the Property.

WHEREFORE, Nathaniel Vasallo requests that this Court issue a judgment:

A. declaring that Antonio Correia's bankruptcy cases do not affect the validity of Nathaniel Vasallo's title to property known as 30 and 40 Greenville Street, Roxbury, Massachusetts, as

more particularly described in the deed recorded with the Suffolk County Registry of Deeds in Book 53417, Page 190;

B. stating that the judgment shall be effective immediately upon entry, notwithstanding the provisions of Fed. R. Bankr. P. 4001(a)(3);

C. stating that the judgment does not determine any state law issues between Nathaniel Vasallo and Dora Aja;

D. stating that a certified copy of the judgment may be recorded with the Suffolk County Registry of Deeds upon payment of the Registry of Deed's recording fee; and

E. ordering such further relief as this Court deems just and proper.

Dated: February 28, 2019

Nathaniel Vasallo
Through counsel,
*/s/ John F. Willis*

John F. Willis (BBO#649284)
Fidelity National Law Group
125 High Street, Suite 1813
Boston, MA 02110
John.Willis@fnf.com
617-316-0144

# EXHIBIT A

2014 00050720
Bk: 53158 Pg: 105 Page: 1 of 3
Recorded: 06/30/2014 11:48 AM
ATTEST:Francis M. Roache, Register
Suffolk County Registry of Deeds

MASSACHUSETTS EXCISE TAX
Suffolk County District ROD # 001
Date: 06/30/2014 11:48 AM
Ctrl# 139809 23684 Doc# 00050720
Fee: $198.36 Cons: $43,100.00

Property: 30-40 Greenville Street, Roxbury, Massachusetts

# QUITCLAIM DEED

Antonio G. Correia of Dorchester, Massachusetts and Rosa E. Correia, Trustee of Greenville Street Realty Trust u/d/t dated July 3, 2009 and recorded on July 3, 2009 in Book 45189, Page 131 at the Suffolk County Registry of Deeds for consideration of Forty Three Thousand One Hundred and 00/100 Dollars ($43,100.00) , grants to Greenville Realty, LLC, a Massachusetts Limited Liability Corporation with an address of 44 Highland Street, Boston, Massachusetts with *quitclaim covenants,*

**PARCEL 1**

Land, in Roxbury, Suffolk County with the buildings thereon, if any, on the easterly side of Greenville Street numbered thirty (30) and thirty two (32) in the numbering of said Greenville Street, between an estate now or formerly of Albert E. Fairbanks and another (numbered 40) and an estate now or formerly of John W. Banker (numbered 28) and supposed to contain about forty-three hundred forty five (4345) square feet.

Said land is situated in Block 151 in the Roxbury District shown on the Assessors' Plans of said City, filed in the office of the Board of Assessors.

Said land is also shown as Lot A on a plan of land recorded by Garbett & Wood, Surveyors dated May 24, 1882 and recorded in Book 1562, Page 595 and being bounded and described as follows:

| | |
|---|---|
| Westerly: | by said Greenville Street, 53.75 feet; |
| Northerly: | by Lot B, as shown on said plan, 77.05 feet; |
| Northeasterly: | by land n/f of Reed, 33.18; |
| Southeasterly: | by land n/f of Reed 43.83 feet, and |
| Southerly: | by land n/f of Merriam 57.85 feet. |

Containing 4345 square feet of land according to said plan

**PARCEL 2**

The land in Roxbury. Suffolk County with buildings thereon, if any, on the northeasterly side of Greenville Street, numbered as 40, bounded and described as follows:

southwesterly by Greenville Street, northwesterly by an estate now or formerly of J.P. Glynn; northeasterly by an estate now or formerly of Donald E. Sneed, Jr. (numbered 6 Mt. Pleasant Terrace); southeasterly by an estate now or formerly of Eugene G. McCarthy and another (numbered 42 Greenville Street). Said land contains about forty two hundred and fifty seven (4257) square feet. Said land is situated in Block 151, in the Roxbury District shown on the Boston Assessors' Plans of said City, filed in the office of the Board of Assessors.



Witness my hand and seal this 27th day of June ___, 2014.

Antonio G. Correia

COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss:

On this 27th day of June, 2014 before me, the undersigned notary public, personally appeared Antonio G. Correia, proved to me through satisfactory evidence of identification which was Massachusetts driver's license, ~~or~~ ____________ to be the person whose name is signed on the preceding or attached document, and acknowledged to me that they signed it voluntarily for its stated purpose.

Notary Public:
My commission expires:

JANET B. DUVAL
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
January 05, 2018

For grantor's title see deed dated July 3, 2009 and recorded at Suffolk County Registry of Deeds in Book 45189 Page 138. and deed in Book 33908 Page 63.

Witness my hand and seal this 27th day of June ____, 2014.

Rosa E. Correia, Trustee of
Greenville Street Realty Trust

COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss:

On this 27th day of June, 2014 before me, the undersigned notary public, personally appeared Rosa E. Correia, individually and as Trustee, proved to me through satisfactory evidence of identification which was Massachusetts driver's license, or ________________ to be the person whose name is signed on the preceding or attached document, and acknowledged to me that they signed it voluntarily for its stated purpose.

Notary Public:
My commission expires:

JANET B. DUVAL
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
January 05, 2018

# EXHIBIT B



**Carmenelisa Perez-Kudzma <carmenelisa@pklaw.law>**

---

## FW: 11-20343 CORREIA

21 messages

---

**Carolyn Bankowski** <CBankowski@ch13boston.com> Wed, Aug 13, 2014 at 4:15 PM
To: Carmenelisa Perez-Kudzma <attorney.carmenelisa@gmail.com>

Carmenelisa,

We have received information that Antonio Correia sold his interest in real estate located at 30-40 Greenville Street, Roxbury, MA without court approval in June 2014. Please advise if this information is accurate. If it is accurate, why was a Motion for Authority to sell the real estate not filed with the Bankruptcy Court prior to the sale? As you are aware, section 363 of the Bankruptcy Court requires a debtor to obtain court approval before selling any property of the bankruptcy estate.

Carolyn A. Bankowski
Chapter 13 Trustee
Eastern Division of Massachusetts

-----Original Message-----
From: Elizabeth Mitchell
Sent: Wednesday, August 13, 2014 3:43 PM
To: Carolyn Bankowski
Subject: 11-20343 CORREIA

Carolyn this is the Fax we received with the copies of the deeds from the sale of the Greenville street properties in the Correia case.

-----Original Message-----
From: Ann Marie Hotchkiss
Sent: Wednesday, August 13, 2014 3:37 PM
To: Elizabeth Mitchell
Subject: FW: Incoming fax from 17814610286

-----Original Message-----
From: 13trustee
Sent: Wednesday, August 13, 2014 3:33 PM
To: Ann Marie Hotchkiss
Subject: Incoming fax from 17814610286

Please see the attached fax image.

---

**2 attachments**

**fax_August_13_2014_15_26_26_0227-001.pdf**
240K

**ATT00001.txt**
0K

---

**Carmenelisa Perez-Kudzma** <carmenelisa@pklolaw.com> Wed, Aug 13, 2014 at 4:36 PM
To: Carolyn Bankowski <CBankowski@ch13boston.com>

Let me figure it out. Thanks.
[Quoted text hidden]

# EXHIBIT C



2014 00070951
Bk: 53417 Pg: 190 Page: 1 of 2
Recorded: 08/29/2014 09:37 AM
ATTEST:Francis M. Roache, Register
Suffolk County Registry of Deeds

MASSACHUSETTS EXCISE TAX
Suffolk County District ROD # 001
Date: 08/29/2014 09:37 AM
Ctrl# 141931 32724 Doc# 00070951
Fee: $684.00 Cons: $150,000.00

Property: 30-40 Greenville Street, Roxbury, Massachusetts

# QUITCLAIM DEED

Greenville Realty, LLC, a Massachusetts Limited Liability Corporation with an address of 44 Highland Street, Boston, Massachusetts for consideration of One Hundred Fifty Thousand and 00/100 Dollars ($150,000.00) , grants to ~~Nathanial~~ * Vasallo, Individually of 390 Centre Street, Unit 1, Jamaica Plain, MA with *quitclaim covenants,*

* NATHANIEL

**PARCEL 1**

Land, in Roxbury, Suffolk County with the buildings thereon, if any, on the easterly side of Greenville Street numbered thirty (30) and thirty two (32) in the numbering of said Greenville Street, between an estate now or formerly of Albert E. Fairbanks and another (numbered 40) and an estate now or formerly of John W. Banker (numbered 28) and supposed to contain about forty-three hundred forty five (4345) square feet.

Said land is situated in Block 151 in the Roxbury District shown on the Assessors' Plans of said City, filed in the office of the Board of Assessors.

Said land is also shown as Lot A on a plan of land recorded by Garbett & Wood, Surveyors dated May 24, 1882 and recorded in Book 1562, Page 595 and being bounded and described as follows:

| | |
|---|---|
| Westerly: | by said Greenville Street, 53.75 feet; |
| Northerly: | by Lot B, as shown on said plan, 77.05 feet; |
| Northeasterly: | by land n/f of Reed, 33.18; |
| Southeasterly: | by land n/f of Reed 43.83 feet, and |
| Southerly: | by land n/f of Merriam 57.85 feet. |

Containing 4345 square feet of land according to said plan

**PARCEL 2**

The land in Roxbury. Suffolk County with buildings thereon, if any, on the northeasterly side of Greenville Street, numbered as 40, bounded and described as follows:

southwesterly by Greenville Street, northwesterly by an estate now or formerly of J.P. Glynn; northeasterly by an estate now or formerly of Donald E. Sneed, Jr. (numbered 6 Mt. Pleasant Terrace); southeasterly by an estate now or formerly of Eugene G. McCarthy and another (numbered 42 Greenville Street). Said land contains about forty two hundred and fifty seven (4257) square feet. Said land is situated in Block 151, in the Roxbury District shown on the Boston Assessors' Plans of said City, filed in the office of the Board of Assessors.



For grantor's title see deed dated June 27, 2014 and recorded at Suffolk County Registry of Deeds in Book 53158 Page 105.

Witness my hand and seal this 25th day of August, 2014.

Christian Pam, Manager
Greenville Realty, LLC

COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss:

On this 25th day of August, 2014 before me, the undersigned notary public, personally appeared Christian Pam, individually and as Manager of Greenville Realty, LLC, proved to me through satisfactory evidence of identification which was MD Drivers License to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he signed it voluntarily for its stated purpose.

Notary Public:
My commission expires: 1/5/2018

JANET B. DUVAL
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
January 05, 2018

# EXHIBIT D

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**Proceeding Memorandum/Order**

**In Re:** Antonio Correia

**Case/AP Number** 11-20343 **-FJB**
**Chapter** 13

#190 Motion filed by Interested Party Nathaniel Vasallo To Approve Sale of Land at 30 and 40 Greenville Street, nunc pro tunc (Willis, John)
#200 Response and Opposition filed by Debtor Antonio Correia (Perez-Kudzma, Carmenelisa)
#201 Chapter 13 Trustee's Report Regarding Unauthorized Sale of Property of the Estate (Re: 195 Order on Generic Motion) filed by Trustee Carolyn Bankowski-13 (Bankowski-13, Carolyn)

**COURT ACTION:**

_________Hearing held
_________Granted __________Approved ___________Moot
_________Denied __________Denied without prejudice __________Withdrawn in open court
_________Overruled __________Sustained
_________Continued to ______________________________
_________Proposed order to be submitted by ______________________________
_________Stipulation to be submitted by______________________________
_________No appearance by ______________________________
Show Cause Order __________Released ___________Enforced

DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

Hearing held. The Ch. 13 Trustee and United States Trustee ably and thoroughly reported the results of their investigations. The transactions at issue are convoluted, perhaps intentionally so. But there is no question that the transfer of property out of the bankruptcy estate was done without Court authority, that such action was contrary to the dictates of the Bankruptcy Code and that, even taking all of the Debtor's representations as true, the Debtor's delay in alerting the Court was unacceptably long. In fact, amidst all of the various allegations, and more than one year after the transfer, no party has taken any action to avoid the transfer. I am exceedingly troubled by what has occurred in this case and I record these observations for the consideration of any judge that is addressing this case in the future.

On the other hand, there is no question that the Debtor has proposed a 100% plan, which is nearly completed, and it appears that no creditors will be harmed by this debacle. The Ch. 13 trustee reports that she anticipates withdrawing her pending Motion to Dismiss upon the receipt of a plan payment, and no other party has asked me to either dismiss or convert this case. The validity of the transactions, and the various claims by and against the various parties implicated, are matters for the state court to address. The Court hereby abstains from the determination of whether the transfer from the Debtor to Greenville was the product of fraud or was otherwise invalid under state law. The Motion of Nathaniel Vasallo to Approve Sale is denied without prejudice to renewal in the event that a state court of competent jurisdiction determines that the transfer from the Debtor to Greenville was not the product of fraud nor otherwise invalid under state law. In that event, the Court will then consider approval of the sale nunc pro tunc.

IT IS SO ORDERED:

_________________________________ Dated: 06/19/2015
Frank J. Bailey
United States Bankruptcy Judge

# EXHIBIT E

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
**Proceeding Memorandum/Order**

**In Re:** Antonio Correia

**Case/AP Number** 11-20343 -FJB
**Chapter** 13

#214 Motion filed by Interested Party Nathaniel Vasallo for Relief from Stay Re: 30 and 40 Greenville Street, Roxbury, MA with certificate of service and proposed order Fee Amount $176, Objections due by 08/12/2015. (Willis, John)
#215 Response filed by Debtor Antonio Correia (Perez-Kudzma, Carmenelisa)

**COURT ACTION:**

214 Hearing held
____ Granted ____ Approved ____ Moot
____ Denied ____ Denied without prejudice ____ Withdrawn in open court
____ Overruled ____ Sustained
____ Continued to ____
____ Proposed order to be submitted by ____
____ Stipulation to be submitted by ____
____ No appearance by ____
Show Cause Order ____ Released ____ Enforced

DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

Hearing held on August 27, 2015. By Order of June 19, 2015, this Court has abstained from the determination of whether the transfer from the Debtor to Greenville was the product of fraud or otherwise invalid under state law. The Motion for Relief From Stay is granted to permit Vasallo to seek such a determination. Vasallo is also granted relief to seek a determination under state law with respect to the subsequent transfer made to him, but nothing in the Order of June 19, 2015, this Order, or any order of the state court, shall be deemed to constitute a determination under 11 U.S.C. 549(c).

IT IS SO ORDERED:

Frank J Bailey

Dated: 08/31/2015

Frank J. Bailey
United States Bankruptcy Judge

# EXHIBIT F

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

---

| In Re: | Antonio Correia<br>Debtor, | Chapter: 13<br>Case No: 11−20343<br>Judge Frank J. Bailey |
|---|---|---|

---

**ORDER DISCHARGING CHAPTER 13 TRUSTEE**
**AND CLOSING CASE WITHOUT A DEBTOR DISCHARGE**

No certification having been filed that all domestic support payments due have been paid, therefore, pursuant to 11 U.S.C. §1328(a) no discharge has been entered.

**IT IS HEREBY ORDERED** that Carolyn Bankowski, the Trustee is discharged from any further duties herein and that this case is hereby closed pursuant to 11 U.S.C. § 350(a).

Date:6/7/17

By the Court,

Frank J. Bailey
U.S. Bankruptcy Judge

# EXHIBIT G

**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF MASSACHUSETTS

| In Re: Antonio G. Correia<br>Debtor, | Chapter: 13<br>Case No: 17−12661<br>Judge Frank J. Bailey |
|---|---|

## NOTICE OF DISMISSAL

You are hereby notified that an Order Dismissing the above **debtor** was entered on 5/1/18 .

Date:5/16/18

By the Court,

Noe Calvo
Deputy Clerk
617−748−5344

# EXHIBIT H

NOTIFY

46

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT

NATHANIEL VASALLO,
Plaintiff,
v.
ANTONIO G. CORREIA, ROSA E. CORREIA, TRUSTEE OF THE GREENVILLE STREET REALTY TRUST, and DORA AJA,
Defendants.

C.A. NO. 15-3058G

This motion is Allowed as unopposed. Plaintiff is to file a form of judgment for my consideration by September 14, 2018.
Paul Wilson, J.S.C.
August 30, 2018

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST ANTONIO G. CORREIA AND ROSA E. CORREIA, TRUSTEE OF THE GREENVILLE STREET REALTY TRUST,**

Plaintiff Nathaniel Vasallo ("Mr. Vasallo") respectfully moves for summary judgment against Defendants Antonio G. Correia and Rosa E. Correia, Trustee of the Greenville Street Realty Trust (the "Correias"), declaring that Mr. Vasallo is a bona fide purchaser holding fee simple title to land known as 30 and 40 Greenville Street, Roxbury (the "Land"). Mr. Vasallo further requests that the judgment state that it is a final and separate judgment, because there will be claims remaining between him and Defendant Dora Aja.

WHEREFORE, Mr. Vasallo respectfully moves for summary judgment against the Correias.

Dated: July 30, 2018

Notice sent 09.04.18
CVT
WPR
MLP, LLP
DA
NPL
LTM
CPK
PICLO PC
JFW
FNLG
(MD)

Respectfully submitted,
NATHANIEL VASALLO,
By his attorneys,

John F. Willis

John F. Willis, Esq. (BBO #649284)
FIDELITY NATIONAL LAW GROUP
125 High Street, Suite 1813
Boston, MA 02110
617-316-0144
John.Willis@fnf.com

# EXHIBIT I

**Fill in this information to identify your case:**

Debtor 1 **Antonio Correia**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the **District of Massachusetts**

Case number **1:18-bk-13353**
(If known)

☒ Check if this is an amended filing

Official Form 106C

# Schedule C: The Property You Claim as Exempt

**04/16**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

## Part 1: Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** Check one only, even if your spouse is filing with you.

☒ You are claiming Massachusetts Exemptions (04/07/2011) and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)
☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on Schedule A/B that you claim as exempt, fill in the information below.**

| **Brief description of the property and line on Schedule A/B that lists this property** | **Current value of the portion you own** *Copy the value from Schedule A/B* | **Amount of the exemption you claim** *Check only one box for each exemption* | **Specific laws that allow exemption** |
|---|---|---|---|
| 30 West Cottage St, Boston MA 02125 (Line 1) | $384,000.00 | ☒ $500,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Mass. Gen. L. c. 235, § 34, c. 188, § 3 |
| Furniture (Line 6) | $3,000.00 | ☒ $3,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Mass. Gen. L. c. 235, § 34, |
| Men's Clothing (Line 11) | $1,000.00 | ☒ $1,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Mass. Gen. L. c. 235, § 34, |
| Men's watches, a gold chain and bracelet (Line 12) | $1,500.00 | ☒ $1,225.00 + $275.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Mass. Gen. L. c. 235, § 34, and Mass. Gen. L. c. 235, § 34, |
| Cash (Line 16) | $40.00 | ☒ $40.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Mass. Gen. L. c. 235, § 34, & c. 246, § 28A |
| Bank of America Checking (Line 17) | $86.00 | ☒ $86.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Mass. Gen. L. c. 235, § 34, & c. 246, § 28A |

BkAssist® Software Copyright© 2010-2017 by Walter Oney. All rights reserved.

Case 19-10125 Doc 5 Filed 01/23/19 Entered 01/23/19 14:34:53 Desc Main
Document Page 2 of 3

| Brief description of the property and line on Schedule A/B that lists this property | Current value of the portion you own *Copy the value from Schedule A/B* | Amount of the exemption you claim *Check only one box for each exemption* | Specific laws that allow exemption |
|---|---|---|---|
| Citizens Bank Checking acct. (Line 17) | $10.00 | ☒ $10.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Mass. Gen. L. c. 235, § 34, & c. 246, § 28A |
| National Fire Insurance Pension (Line 21) | $174,000.00 | ☒ $174,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Mass.Gen.L. c. 32-41 |
| Dispute over 40 and 30 Greenville Street, Roxbury, MA Approximate value 200,000.00 (Line 53) | $100.00 | ☒ $2,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Mass. Gen. L. c. 235, § 34, |
| **Total** | $563,736.00 | $681,636.00 | |

**3. Are you claiming a homestead exemption of more than $160,375.00?**
(Subject to adjustment on 04/01/2019 and every 3 years after that for cases filed on or after the date of adjustment.)

☐ No
☒ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?
- ☐ No
- ☒ Yes

BkAssist® Software Copyright© 2010-2017 by Walter Oney. All rights reserved.

# EXHIBIT J

NOTIFY 59

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT

NATHANIEL VASALLO,
Plaintiff,

v.

ANTONIO G. CORREIA, ROSA E. CORREIA, TRUSTEE OF THE GREENVILLE STREET REALTY TRUST, and DORA AJA,
Defendants.

C.A. NO. 15-3058G

**FINAL AND SEPARATE JUDGMENT**

This matter came before the Court on Plaintiff's Motion for Summary Judgment against Antonio G. Correia and Rosa E. Correia, Trustee of the Greenville Street Realty Trust (hereinafter the "Correias"), and, after a hearing today attended by counsel for Mr. Vasallo and counsel for Ms. Aja but by no representative of the Correias, despite notice,

It is the JUDGMENT of the Court that under Massachusetts law:

1. Nathaniel Vasallo holds fee simple title to the properties known as 30 Greenville Street, Roxbury, Massachusetts, and 40 Greenville Street, Roxbury, Massachusetts, as more particularly described as parcels 1 and 2, respectively, in the deeds recorded with the Suffolk County Registry of Deeds in Book 53417, Page 190 and Book 53158, Page 105 (hereinafter referred to as "the Property");
2. Nathaniel Vasallo holds title to the Property as a bona fide purchaser without actual or constructive notice that the Correias would challenge his title;
3. the Correais have no right, title, or interest in the Property;
4. because there is no just reason for delay, this Judgment is hereby entered as a final and separate judgment pursuant to Mass. R. Civ. P. 54(b);

(PJW)

Notice sent 12-3-18 WPR MtP — JFW FNLG — CUT MtP — DA — NPL th — PK SK

JUDGMENT ENTERED ON DOCKET Dec 3 2018
PURSUANT TO THE PROVISIONS OF MASS. R. CIV. P.58(a) AND NOTICE SEND TO PARTIES PURSUANT TO THE PROVISIONS OF MASS. R. CIV. P. 77(d) AS FOLLOWS

5. this Judgment resolves all claims in this litigation between Nathaniel Vasallo and the Correias under Massachusetts law, but is not a determination of any bankruptcy law; and

6. this Judgment does not resolve any of the claims in this litigation between Nathaniel Vasallo and Dora Aja, including, without limitation, Ms Aja's claims that she is a partner with Mr. Vasallo in a partnership that owns the Property, claims that Mr. Vasallo disputes.

(PPW)

SO ORDERED

Dated: November 29, 2018

Paul Wilson
Superior Court Justice

I HEREBY ATTEST AND CERTIFY ON 12/6/18, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: Margaret M. Sellers
Assistant Clerk